UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cr-11-FDW-DCK-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **WILLIAM ROY GRUBB, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's two pro se Motions to Modify Sentence and for Amended Judgment. (Doc. Nos. 50, 51).

On October 3, 2016, this Court sentenced Defendant to 151 months of imprisonment after he pled guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine. In his two pending motions, Defendant states that the Bureau of Prisons ("BOP") has not credited him for the time he served in state custody before being placed in federal custody. He states that BOP has given him credit only for the time he has been detained in this federal matter, and he seeks credit for time served in jail from September 30, 2015 (his offense date), to October 2, 2016. His exhibits show that he received jail credit from June 26, 2016, to October 2, 2016, based on the fact that his consecutive state sentence for violating his state parole ended on June 25, 2016. To this end, he states that he seeks for this Court to amend the judgment in this action to state that his sentence in this Court is to run concurrently with any state court sentence.

A motion to amend a sentence to run concurrent, instead of consecutive, is treated as a motion for sentence modification under 18 U.S.C. § 3582(c). See United States v. Todd, No. C-91-190, 2009 WL 311082, at *1 (S.D. Tex. Feb. 5, 2009) (request to run sentences concurrent "can only be construed as a motion to alter or reduce his sentence"); United States v. Williford,

1

No. 5:04-cr-101, 2009 WL 2355813, at *1 (M.D. Ga. July 27, 2009) (evaluating motion to amend consecutive sentence as a motion under 18 U.S.C. § 3582(c)); United States v. Balagula, 275 F. Supp. 2d 307, 308 (E.D.N.Y. 2003) (same).  Section 3582(c) strictly limits a district court's authority to modify a sentence.  See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial 'change of heart.'").  A district court may do so only when "the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits."  Id.; 18 U.S.C. § 3582(c).

Defendant does not demonstrate, or even attempt to demonstrate, that he satisfies one of the Section 3582(c) grounds for modification.  Neither the Bureau of Prisons nor the Government has moved for a modification of Defendant's sentence.  Cf. 18 U.S.C. §§ 3582(c)(1)(A), (B).  Moreover, Defendant does not argue that his sentence is the product of an error within the meaning of Rule 35(a) or was based on a sentencing range that has been lowered.[1]

To the extent that Defendant is challenging the BOP's determination of the amount of credit given to Defendant for time-served, the calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b).  In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that the Attorney General (through the BOP) is responsible for computing credit under § 3585(b).  Id. at 334-35.  The Wilson Court made clear that "[Section] 3585(b) does not authorize

---

[1] Under Federal Rule of Criminal Procedure 35(a), the court may correct a sentence resulting from arithmetical, technical, or other clear error within 14 days after sentencing, but that time has well passed in this action.  FED. R. CRIM. P. 35.  Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  FED. R. CRIM. P. 36.  Here, there was no error in the Court's prior sentence, nor does Defendant contend that error occurred.

2

a district court to compute the [presentence detention] credit at sentencing." Id. at 334. If Defendant is dissatisfied with the decision rendered by the BOP under Section 3585(b), he must first exhaust his administrative remedies. Once he exhausts his administrative remedies, he may then seek judicial review of any jail-time credit determination, Wilson, 503 U.S. at 335, by filing a habeas petition under 28 U.S.C. § 2241 in the district of confinement.[2] Thomas v. Whalen, 962 F.2d 358 (4th Cir.1992).

For the above reasons, **IT IS HEREBY ORDERED** Defendant's two pending Motions to Modify Sentence and for Amended Judgment, (Doc. Nos. 50. 51), are **DENIED**.

Signed: September 12, 2018

_Frank D. Whitney_
Frank D. Whitney
Chief United States District Judge

---

[2] Even if this court were to provide Castro notice of its intent to treat such motion as a Section 2255 petition, a Section 2255 motion would not be the appropriate vehicle for Defendant to challenge an administrative denial of credit for time served. Rogers v. United States, 180 F.3d 349 (1st Cir. 1999).