IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:16-CR-00011-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | ORDER |
| WILLIAM ROY GRUBB, JR., | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 58). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Williamsburg[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 if he were to contract the virus. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

According to Defendant's Presentence Report, he suffers from asthma and uses an albuterol inhaler as needed and in 2012 had ACL surgery on his left knee and had ACL reconstructive surgery on the same knee in 2014. (Doc. No. 35, ¶ 60). In his motion, Defendant states that he suffers moderate to severe asthma, obesity and a compromised immune system. (Doc. No. 58, at

---

[1] According to the Bureau of Prison's (BOP) website, FCI Williamsburg currently has zero inmates and zero staff with confirmed active cases of COVID-19. There has been 3 inmate death and no staff deaths, while 254 inmates have recovered and 130 staff have recovered. Additionally, at the FCI Williamsburg, 212 staff have been fully inoculated and 1,538 inmates have been fully inoculated.

2). In the over 200 pages of BOP medical records submitted by the Defendant, covering the period from late 2016 through 2020, it shows that he continues to use an albuterol inhaler as necessary, (Doc. No. 59), was overweight in December 2020 weighing 218 pounds at five foot ten inches (*Id*. at 72), and had his gall bladder successfully removed more than two years ago. (*Id*. at 28,). Furthermore, Defendant's BOP medical records confirm that he was exposed to COVID-19 in late December 2020, was in quarantine for fourteen days, was asymptomatic for fourteen days and released from quarantine on or about January 4, 2021. (*Id.* at 85).

The Government reports Defendant is vaccinated against COVID-19 as he received the first dose of the Pfizer COVID-19 vaccine on March 16, 2021, and the second dose on April 4, 2021. (Doc. No. 60, Exhibit 1). Additionally, the Defendant received a Moderna booster on October 27, 2021. (Doc. No. 60, Exhibit 2). The Centers for Disease Control and Prevention (CDC) have evaluated the COVID-19 virus and explained that vaccines "continue to be highly effective at preventing hospitalizations and death." CDC, *Benefits of Getting a* COVID-19 *Vaccine,* www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19. Accordingly, the Court finds no extraordinary and compelling reason for Defendant's release.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 58), is **DENIED**.

**SO ORDERED.**

Signed: April 18, 2022

Kenneth D. Bell
United States District Judge